## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Bennie Shields

November 22, 1989

Case No. CR89-507

By JUDGE THOMAS S. SHADRICK

On November 8, 1989, the defendant moved this court to suppress all evidence seized and all statements made by the defendant which resulted from the arrest and subsequent interrogation of the defendant. The stated grounds for this motion were that the detention and arrest of the defendant in Norfolk, Virginia, on December 7, 1988, was illegal, and the subsequent statement given by the defendant on December 10, 1988, was made involuntarily. The court heard evidence on defendant's motion and then allowed counsel to submit authorities to the court in support of their arguments.

After considering all of the evidence submitted, as well as the briefs of counsel, the court is of the opinion that defendant's motion should be denied.

Section 15.1-131.3 of the Code of Virginia authorizes the governing body of any city to enter into a reciprocal agreement with any other city for cooperation in the furnishing of police services. Pursuant to this statute, the City of Virginia Beach entered into a mutual police aid agreement with the City of Norfolk. See Commonwealth's Exhibit # 2. Under the terms of this agreement, Virginia Beach police officers have the same arrest powers in Norfolk

as they do in their home city of Virginia Beach. See Paragraph # 11.

The evidence reveals that at the time the defendant was stopped on December 7, 1989, the Virginia Beach police were in possession of sufficient information which, in conjunction with their current observations of the defendant, made them reasonably suspicious that the defendant was about to commit a criminal act. It therefore was not only their right but duty to stop the defendant and investigate this suspicious conduct. Once the defendant was removed from his vehicle, the officers were entitled to examine the bag which the evidence reveals was clearly within arms' reach of the defendant when he was sitting in the driver's seat. To hold that the officers were not able to look into a bag between the front seats of the car would clearly place officers in a position of peril should they not obtain probable cause to arrest and have to allow defendant to get back into the car next to an unexamined bag.

The lawful search of the bag in the defendant's car revealed burglary tools known to be used by the defendant. The police therefore had probable cause to arrest at that point.

The evidence revealed that the interrogation of the defendant subsequent to his lawful arrest was only conducted after he was fully advised of his constitutional rights as per *Miranda v. Arizona*, 384 U.S. 436 (1966). The evidence further indicated that the statements given by the defendant were given freely and voluntarily.

The court therefore denies defendant's motion to suppress and requests that the attorney for the Commonwealth prepare an order which reflects the opinion of this court.